CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 08-11819                                    SECTION "H"

CHOICE HEALTHCARE, INC., and TOURO INFIRMARY, as Principal of
CHOICE HEALTHCARE, INC.

vs.                         **SECTION 12**

KAISER FOUNDATION HEALTH PLAN OF COLORADO, KAISER FOUNDATION
HEALTH PLAN, INC., KAISER FOUNDATION HEALTH PLAN OF GEORGIA, INC.,
KAISER FOUNDATION HEALTH PLAN OF SOUTHERN CALIFORNIA (HMO),
KAISER FOUNDATION HEALTH PLAN OF THE MID ATLANTIC STATES, and
KAISER PERMANENTE INSURANCE COMPANY

FILED:_____    _____
                                  DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Touro Infirmary, and states its Petition for Damages against Defendants and respectfully avers as follows:

### PARTIES

1.

Plaintiff Touro Infirmary is a Louisiana non-profit corporation domiciled in the Parish of Orleans, State of Louisiana, and venue is proper herein.

2.

Plaintiff Choice Healthcare, Inc., is a Louisiana non-profit corporation domiciled in the Parish of Orleans, State of Louisiana, and venue is proper herein.

3.

Made Defendant herein is **Kaiser Foundation Health Plan of Colorado**, a foreign corporation licensed to do and doing business under the laws of the State of Colorado, with its corporate headquarters at 10350 E. Dakota Ave., Denver, CO 80231.

4.

Made Defendant herein is **Kaiser Foundation Health Plan, Inc.**, a foreign corporation licensed to do and doing business under the laws of the State of California, with its corporate headquarters at 1 Kaiser Plaza, Oakland, CA 94612.

5.

Made Defendant herein is **Kaiser Foundation Health Plan of Georgia, Inc.**, a


EXHIBIT "F"
VERIFIED
11-21-08

foreign corporation licensed to do and doing business under the laws of the State of Georgia, with its corporate headquarters at Nine Piedmont Center, 3495 Piedmont Rd. NE, Atlanta, GA 30305.

6.

Made Defendant herein is **Kaiser Foundation Health Plan of Southern California (HMO)** a foreign corporation licensed to do and doing business under the laws of the State of California, with its corporate headquarters at 393 East Walnut Street, Suite 304, Pasadena, CA 91188.

7.

Made Defendant herein is **Kaiser Foundation Health Plan of the Mid Atlantic States**, a foreign corporation licensed to do and doing business under the laws of the State of Maryland, with its corporate headquarters at 2101 East Jefferson Street, Rockville, MD 20852.

8.

Made Defendant herein is **Kaiser Permanente Insurance Company**, a foreign corporation licensed to do and doing business under the laws of the State of California, with its corporate headquarters at 1 Kaiser Plaza, Oakland, CA 94612.

9.

Defendants are subject to the personal jurisdiction of this Court pursuant to La.R.S. 13:3201(B) insofar as the exercise of personal jurisdiction over Defendants is consistent with the Constitution of the State of Louisiana and of the Constitution of the United States of America.

## ALLEGATIONS

10.

Choice Healthcare, Inc., entered into a Participating PHO Agreement with Multiplan, Inc., a New York-based preferred provider organization, on or about March 1, 2000. A true and accurate copy of the March 1, 2000, Participating PHO Agreement is attached hereto as Exhibit "1".

11.

Choice Healthcare, Inc., is a Louisiana non-profit corporation comprised of Touro

Infirmary and a group of physicians who have staff privileges at Touro Infirmary.

12.

Choice Healthcare, Inc., was created, in part, to act as an attorney in fact, or mandatary, on behalf of Touro Infirmary, and its responsibilities include entering into managed health care contracts, or other preferred provider contracts (such as the Participating PHO Agreement with Multiplan, Inc.) on behalf of Touro Infirmary, a member facility of Choice Healthcare, Inc.

13.

The March 1, 2000, Participating PHO Agreement entered into between Choice Healhcare, Inc., and Multiplan, Inc., provides, "PHO is authorized to represent its member facilities [. . .] for the purposes of entering this Agreement on their behalf."

14.

Any rights and/or obligations incurred by Choice Healhcare, Inc., on behalf of Touro Infirmary inure to the benefit or obligation of Touro Infirmary and Touro Infirmary, therefore, has standing to pursue recovery for obligations to Touro Infirmary incurred as a result of the March 1, 2000, Participating PHO Agreement.

15.

Plaintiffs herein previously filed suit against the named Defendants in this Honorable Court on February 22, 2007 (Touro Infirmary v. American Maritime Officer, et al, CDC No. 2007-1716, Division "E-7").

16.

Defendants in the instant matter were dismissed from Civil Action No. 2007-1716, Division "E-7", **without prejudice,** via Judgment on Exception of Improper Cumulation of Actions entered by the Honorable Madeline M. Landrieu on or about July 28, 2008.

17.

The filing of Civil Action No. 2007-1716, Division "E-7", by Plaintiffs herein against Defendants herein interrupted any applicable liberative prescription period as to the claims made against the Defendants named herein.

18.

Touro Infirmary is a "Hospital" and a "Provider", as defined by La.R.S. 40:2202, and

is a "third-party beneficiary", as defined by The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq., and the relevant case law.

19.

Multiplan, Inc. (hereinafter "Multiplan"), is a Preferred Provider Organization as defined by La.R.S. 40:2202(5), and is subject to the provisions of La.R.S. 40:2203.1.

20.

Touro Infirmary entered into a contractual relationship with Multiplan, Inc., whereby Touro Infirmary agreed to charge discounted rates for medical services provided to the insureds/enrollees of Defendants. See, Exhibit "1" attached hereto.

21.

The contract entered into by Touro Infirmary and Multiplan, Inc., provides as follows:

**WHEREAS,** on behalf of various organizations, including self-insured employers, union welfare funds, third party administrators, and other similar entities (Clients), who issue or administer health benefits services coverage pursuant to a benefit plan, automobile liability insurance, workers' compensation program or other plan (Benefit Programs) for covered individuals (Participants), MPI has established networks of preferred health care providers who have agreed to render health care services to Participants in exchange for reimbursement at negotiated rates; and

**WHEREAS,** PHO is authorized to represent its member facilities, as well as its member physicians and/or other professional providers of health care services (Practitioners), (collectively, Providers), for the purposes of entering this Agreement on their behalf; and [...]

**THEREFORE,** in consideration of the foregoing and of the mutual promises herein, and intending to be legally bound hereby, the parties agree as follows:

22.

Multiplan, Inc., contracted with Defendants to negotiate preferred, or "alternate rates", with health care providers for health care services provided by said providers.

23.

Defendants entered into a contractual relationship with Multiplan, Inc., whereby Defendants obtained the right to pay negotiated contract rates for services provided to their insureds/enrollees by providers enrolled in the Multiplan, Inc., network of providers. A true and accurate copy of that contract has been obtained by Plaintiffs and is subject to a protective order entered in the matter entitled Touro Infirmary v. American Maritime Office, et al, In the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No.

2007-1716, Division "E-7". That contract has been filed under seal as Exhibit "11" to Touro Infirmary's Omnibus Lost of Exhibits Submitted in Support of Oppositions to Exceptions Filed April 21, 2008, filed in Civil Action No. 2007-1716.

24.

The contract entered into by Defendants and Multiplan, Inc., provides as follows:

> Each of the Kaiser Foundation Health Plan organizations listed on Exhibit 2 (collectively "Health Plans" and individually a "Health Plan")[1], as amended from time to time, operates a prepaid group practice health care program for its members in a specified geographic area of the United States (each a "Service Area"). The terms "Member" or "Members" shall mean an individual who is either (i) enrolled in a health plan, (ii) eligible to receive Covered Services under a self-insured or other Program offered by or through a Health Plan or an Affiliate or Subsidiary of Health Plan, or (iii) who is verified by a Health Plan as eligible to receive services under this Agreement. Individual Health Plans are identified on Exhibit B to this Agreement. Each Health Plan has entered into an agreement with KFH under which KFH undertakes to provide or arrange for all necessary hospital services for Members entitled to benefits under a Health Plan Medical and Hospital Service Agreement ("Membership Agreement"), and KFH arranges for some or all of such services through contracting hospitals. KFH desires to contract with MPI with respect to Emergency Services and Urgently Needed Services on behalf of its members.
>
> MPI has contracted with hospitals and certain other providers (each an "MPI Provider"; collectively, "MPI Network") which may not be affiliated with Health Plan and which have agreed to provide services to Members, on an as-requested basis and with no exclusivity or volume obligation of any kind, both within (to the extent permissible under state law) and outside Health Plan Service Areas, in each case at rates negotiated by MPI with MPI Providers. MPI is authorized to provide access to MPI's network of providers (the "MPI Network") on the terms set forth in this agreement. [...]
>
> **Now, therefore,** in consideration of the foregoing and of the mutual covenants herein, intending to be legally bound thereby, the parties agree as follows:

25.

The contract entered into between Defendants and Multiplan, Inc., establishes a mandatary relationship between Defendants and Multiplan, Inc., pursuant to La. Civ. Code Art. 2989, and consequently confers upon Multiplan, Inc., the mandatary authority to enter into a contractual relationship on behalf of Defendants with Touro Infirmary.

---

[1] The named Defendants herein are identified as Kaiser Foundation Health Plan, Inc., Subsidiaries on Exhibit 2 to the Kaiser/ Multiplan Agreement: Kaiser Foundation Health Plan, Inc., Southern California Region; Kaiser Foundation Health Plan of Colorado; Kaiser Foundation Health Plan of Georgia, Inc.; and Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. (See, Exhibit "11", Bates Stamped Page "Multiplan-0052", to Touro Infirmary's Omnibus Lost of Exhibits Submitted in Support of Oppositions to Exceptions Filed April 21, 2008, in the matter entitled Touro Infirmary v. American Maritime Office, et al, In the Civil District Court for the Parish of Orleans, State of Louisiana, Civil Action No. 2007-1716, Division "E-7"). Kaiser Permanente Insurance Company is identified as a Kaiser Foundation Health Plan, Inc., Subsidiary on Exhibit 2 to a subsequent Amendment to the Kaiser/ Multiplan agreement (Id., Bates Stamped Page "Multiplan-0054").

26.

The separate contracts entered into between Defendants and Multiplan, Inc., and Touro Infirmary and Multiplan, Inc., create rights and obligations inuring to the benefit of Defendants and Touro Infirmary and, therefore, create a valid and binding contractual relationship between Defendants and Touro Infirmary.

27.

The insureds/enrollees of Defendants presented to Touro Infirmary for the purposes of obtaining medical treatment, which was provided to those insureds/enrollees at Touro Infirmary.

28.

The insureds/enrollees of Defendants who obtained medical treatment at Touro Infirmary and who presented an insurance card not bearing the Multiplan, Inc., logo, or any other identifying factor on the face of the card as required by La.R.S. 40:2203.1, include, but are not limited to, Bianca Barrow, Erin Brown, Garrett Close, Jordan Cooper, Angie Conley, Antonio Cordero, Erika Edwards, Deborah Daniels, Isha Davis, Katrina Decker, Lisa A. Ellsworth, Candice Fields, Aja Gardner, Lawrence Gayden, Kodao Gordon, Kathleen Gustavson, Christopher Hardbower, Dana Harvey, Catherine Haslam, Erica Helton, Ashanti Henderson, Lewis Jabari, Kevin Jackson, Kalona Johnson, Claudette Johnson, Marion Kirby, III, Tracy Lowenhagen, Tamika S. Matlock, Raphael Mischel, Twyla Morgan, George Murray, Jennifer Owen, Robert Pinkney, Armando Ramirez, Walter Reed, David Sack, David Sakoda, Eric Schultz, Curtis Smith, Matthew Spencer, Rachel Tigner, Habre Weeks, Bruce West, Melissa Wheeler, Gretchen Williams, Yvonne Williams, and Anne Yalon.

29.

Touro Infirmary billed Defendants for the fair market value of the services provided to those Defendants' insureds/enrollees due to the fact the insurance cards presented by Defendants' insureds/enrollees upon presentation to Touro Infirmary did not include the Multiplan, Inc., logo, in violation of La.R.S. 40:2203.1.

30.

Pursuant to the contractual relationship between Defendants and Touro Infirmary, Defendants paid Touro Infirmary for the services provided to its insureds/enrollees at the Multiplan, Inc. negotiated contract rate and are, therefore, liable for damages to Touro Infirmary as set forth in La.R.S. 40:2203.1.

31.

Upon information and belief, Defendants are health insurance companies, or maintain health insurance plans, for the benefit of their enrolled members, which, upon their enrolled members' receiving services from health care providers, reimburse the health care providers directly, with little to no cost to their enrolled members.

32.

La.R.S. 40:2203.1, provides that alternate rates of payment negotiated between the health care provider and the preferred provider organization *shall not* be enforceable or binding upon any provider unless such organization is clearly identified on the benefit card issued by the group purchaser.

33.

Touro Infirmary rendered medical services to the Defendants' insureds/enrollees

34.

Defendants' insureds/enrollees, upon presentation to Touro Infirmary for the purpose of obtaining medical services, presented benefit cards to Touro Infirmary which benefit cards did not display the Multiplan, Inc., logo or any other identifying factor on the face of the cards as required by La.R.S. 40:2203.1.

35.

As a result of the Multiplan, Inc., identity or logo not being identified on the benefit cards, Touro Infirmary did not bill, and Defendants are not entitled to, the Multiplan, Inc., "alternate rates". Instead, Touro Infirmary billed Defendants for services provided to the Defendants' insureds/enrollees at the usual and customary rate, which is the fair market value of the services provided.

36.

Defendants improperly reimbursed Touro Infirmary at the Multiplan, Inc., "alternate

rates", despite the fact Multiplan, Inc.'s, identity or logo was not displayed on the benefit cards as required by law for Defendants to take advantage of the Multiplan, Inc., "alternate rates", and despite Touro Infirmary's demand for payment of the usual and customary rates of the services provided.

37.

Defendants are, separately and for different amounts, in arrears in remitting the usual and customary rates of the services provided to their insureds/enrollees by Touro Infirmary.

38.

Defendants are, separately and for different amounts, liable to Touro Infirmary to compensate Touro Infirmary for the services provided to their insureds/enrollees in an amount to be determined at trial and as provided by La. R.S. 40:2203.1.

39.

To date, Defendants have not reimbursed Touro Infirmary for the services provided to Defendants' insureds/enrollees at the usual and customary rates, which constitutes continuing noncompliance with La.R.S. 40:2203.1 from the date Touro Infirmary provided services to Defendants' insureds/enrollees. Defendants, therefore, are, individually and in different amounts, liable unto Touro Infirmary for damages in the amount of fifty dollars ($50.00) per day of noncompliance.

40.

In the alternative, and only in the event it is determined Defendants are not subject to the aforementioned fifty dollars ($50.00) per day damages (which Plaintiffs deny), Defendants are, separately and for different amounts each, liable for double the usual and customary rates of the services provided to their respective insureds/enrollees by Touro Infirmary. La.R.S. 2203.1(B)(4) provides when no preferred provider organization is listed, the plan sponsor or insurer identified by the card shall be deemed to be the group purchaser for purposes of this Section. If it is determined that Multiplan, Inc.'s Identity or logo was not present on the face of the benefit cards as required by La.R.S. 40:2203.1, Defendants are to be considered the Group Purchasers. As Group Purchasers, Defendants are in violation of La.R.S. 40:2203.1(B), as they demanded the "alternative

rates" negotiated by Multiplan, Inc., even though Multiplan, Inc.'s, logo was not on the benefit cards presented by their insureds/enrollees when they sought medical services at Touro Infirmary. This violation subjects Defendants, separately and for different amounts, to liability to Touro Infirmary pursuant to La.R.S. 40:2203.1(G) for double the usual and customary rates of the services provided by Touro Infirmary, and for reasonable attorney's fees.

## ERISA PREEMPTION

41.

Subject matter jurisdiction is proper in this Court, as Touro Infirmary's claims arise under state contract law and Louisiana State statutes (La. R.S. 40:2203.1).

42.

Touro Infirmary's claims are not preempted by The Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 et seq.

43.

ERISA preempts state law actions only when said state law actions conflict with the provisions of ERISA.

44.

There is no conflict between Plaintiffs' claims and ERISA and preemption is inapplicable because Touro Infirmary cannot bring its claims against Defendant under 29 U.S.C. §1132(a)[2] because Touro Infirmary is neither a participant or beneficiary of any of the Defendants' health plans.

45.

Touro Infirmary is a third-party provider. As such, Touro Infirmary is not entitled to bring a claim under 29 U.S.C. §1132, and, therefore, must bring any claim for payment from Defendants under state law. Federal law and state law in this matter do not conflict and Touro Infirmary's claims are not preempted by ERISA. *Transitional Hosp. Corp. v. Blue Cross and Blue Shield of Texas*, 164 F.3d 952 (5th Cir. 1999); *Tenet Healthsystem Hospitals, Inc. v. Crosby Tugs, Inc.*, 2005 U.S. Dist. LEXIS 8030, (E.D. La., 2005); *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan* 388 F.3d 393, (3rd

---

[2] 29 U.S.C. §1132(a) provides, in pertinent part, "A civil action may be brought – (1) by a participant or beneficiary".

Cir. 2004), *cert. denied*, 126 S. Ct. 336, (2005).

**WHEREFORE**, Plaintiffs Touro Infirmary and Choice Healthcare, Inc., respectfully pray that the named Defendants be duly served with a certified copy of this petition and citation to answer same and, after all due proceedings be had, there be judgment herein in favor of Plaintiffs Touro Infirmary and Choice Healthcare, Inc., and against Defendants for the full and true sums due and owing to Touro Infirmary and Choice Healthcare, Inc., and which are reasonable under the premises, the amount of which is to be determined at the trial of this matter in accordance with applicable law.

Plaintiffs further pray that there be judgment in favor of Touro Infirmary and Choice Healthcare, Inc., and against Defendants in this matter, separately and for different amounts, for their noncompliance with La.R.S. 40:2203.1, and pursuant to La.R.S. 40:2203.1(G), for damages of fifty dollars ($50.00) per day fr each hospital admission from the date of admission until the date of Judgment, and all reasonable attorney's fees and court costs, with judicial interest thereon from the date of demand. If it is found that Defendants are not subject to the fifty-dollar ($50.00) per day damages provision of La.R.S. 40:2203.1, then it is prayed that Defendants be assessed damages for double the fair market value of the services provided, and all reasonable attorney's fees and court costs, with judicial interest thereon from the date of demand.

Respectfully submitted,<br>
**BEAHM & GREEN**

_/s/ Franklin D. Beahm_<br>
Franklin D. Beahm, La. Bar No. 2874<br>
Jacob Best, La. Bar No. 29533<br>
145 Robert E. Lee Boulevard, Suite 408<br>
New Orleans, Louisiana 70124<br>
(504) 288-2000<br>
Attorneys for Touro Infirmary and Choice Healthcare, Inc.,

**PLEASE SERVE:**

**Kaiser Foundation Health Plan of Colorado**
Service will be made by Plaintiffs pursuant to La. Code Civ. Proc. art. 1313 at:
10350 E. Dakota Avenue
Denver, CO 80231

**Kaiser Foundation Health Plan, Inc.**
Service will be made by Plaintiffs pursuant to La. Code Civ. Proc. art. 1313 at:
1 Kaiser Plaza
Oakland, CA 94612

**Kaiser Foundation Health Plan of Georgia, Inc.**
Service will be made by Plaintiffs pursuant to La. Code Civ. Proc. art. 1313 at:
Nine Piedmont Center
3495 Piedmont Road, NE
Atlanta, GA 30305

**Kaiser Foundation Health Plan of Souther California (HMO)**
Service will be made by Plaintiffs pursuant to La. Code Civ. Proc. art. 1313 at:
393 East Walnut St.
Suite 304
Pasadena, CA 91188

**Kaiser Foundation Health Plan of the Mid Atlantic States**
Service will be made by Plaintiffs pursuant to La. Code Civ. Proc. art. 1313 at:
2101 East Jefferson St.
Rockville, MD 20852

**Kaiser Permanente Insurance Company**
Service will be made by Plaintiffs pursuant to La. Code Civ. Proc. art. 1313 at:
1 Kaiser Plaza
Oakland, CA 94612