UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| CHOICE HEALTHCARE, INC. and<br>TOURO INFIRMARY | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-12 |
| KAISER FOUNDATION HEALTH PLAN<br>OF COLORADO, ET AL. | SECTION "N" (3) |

## ORDER AND REASONS

Presently before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction and, Alternatively, to Stay and Compel Arbitration (Rec. Doc. 5), filed by Kaiser Foundation Health Plan of Colorado, Kaiser Foundation Health Plan, Inc., Kaiser Foundation Health Plan of Georgia, Inc., Kaiser Foundation Health Plan of Southern California (HMO), Kaiser Foundation Health Plan of the Mid Atlantic States and Kaiser Permanente Insurance Company (collectively "the Kaiser Defendants"). After reviewing the Petition, the memoranda of the parties, and the applicable law, **IT IS ORDERED** that the motion to dismiss is **GRANTED**.

I.   **BACKGROUND**

Plaintiffs Choice Healthcare, Inc. and Touro Infirmary ("the Hospital") entered into a Participating PHO Agreement with Multiplan, Inc. ("Multiplan"), a New York-based preferred provider organization. In that agreement, Plaintiffs agreed to charge discounted rates to certain clients/payors participating in the Multiplan, Inc. Preferred Provider Organization and the

clients/payors were responsible for making payment to the Hospital for services provided to the insureds of those clients/payors. The Kaiser Defendants, who are made up of health maintenance organizations and health and disability insurers, entered into a separate contract with Multiplan, wherein the Kaiser Defendants became clients/payors of Multiplan. Although the Hospital and the Kaiser Defendants contracted separately with Multiplan, they did not contract directly with each other.

The Hospital provided medical services in New Orleans, Louisiana, to several individuals who undisputedly were insureds of the Kaiser Defendants. Because these individuals presented the Hospital with insurance benefit cards that did not display the Multiplan identity or logo (as required by La. R.S. 40:2203.1), the Hospital charged the usual, customary rates for the services provided, as opposed to the lower Multiplan, "alternative rates." The Hospital filed suit against the Kaiser Defendants in Louisiana state court after they paid the Hospital only the lower, "alternate rates" of the services rendered to these individuals, as opposed to the usual, customary rates for which they were billed. Thereafter, the Kaiser Defendants removed this action to this Court, and filed the instant motion to dismiss. In that motion, the Kaiser Defendants contend that this Court lacks personal jurisdiction over them because they lack sufficient contacts with the State of Louisiana.

## II. ARGUMENTS OF THE PARTIES

The Kaiser Defendants assert that this Court lacks personal jurisdiction as they have virtually no contacts with Louisiana. None of the Kaiser Defendants are Louisiana corporations.[1]

---

[1] Kaiser Foundation Health Plan, Inc. ("KFHP") is a California nonprofit corporation organized under the laws of the State of California, with its principal place of business in Oakland, California. Kaiser Foundation Health Plan of Colorado, Inc. ("KFHP Colorado") is a Colorado nonprofit corporation organized under the laws of the State of Colorado, with its principal place of business in Oakland, California. Kaiser Foundation Health Plan of Georgia, Inc.

2

KFHP, KFHP Colorado, KFHP Georgia, and KFHP Mid-Atlantic are health maintenance organizations that only accept applications for enrollment from individuals who live or work in their respective service areas, and Louisiana is not in any of their service areas.[2] KPIC is a health and disability insurer that offers its indemnity insurance coverage only in conjunction with the HMO coverage offered by its affiliates KFHP, KFHP Colorado, KFHP Mid-Atlantic, KFHP Georgia, and Kaiser Foundation Health Plan of the Northwest, none of which offer comprehensive HMO coverage in Louisiana (i.e., members were only entitled to limited services, such as emergency care, outside of their service area).[3]

The Kaiser Defendants point out that they do not maintain offices in the State of Louisiana.[4] They do not own, use, or possess real or personal property in Louisiana, do not maintain financial accounts in Louisiana, and they do not pay taxes in Louisiana.[5] They were not authorized to conduct business in Louisiana and do not conduct business in Louisiana.[6] The Kaiser Defendants do not have employees or agents who reside or who are employed in Louisiana.[7] They

---

("KFHP Georgia") is a Georgia nonprofit corporation organized under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia. Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. ("KFHP Mid-Atlantic") is a Maryland nonprofit corporation organized under the laws of the State of Maryland, with its principal place of business in Rockville, Maryland. Kaiser Permanente Insurance Company ("KPIC") is a California domestic health and disability insurer, organized under the laws of the State of California, with its principal place of business in Oakland, California. (See Exhibits A-E to Rec, Doc. 5-2).

[2] See Exhibits A-D to Rec. Doc. 5-2.

[3] See Exhibit E to Rec. Doc. 5-2.

[4] See Exhibits A-E to Rec. Doc. 5-2.

[5] *Id.*

[6] *Id.*

[7] *Id.*

3

do not have any mailing addresses or telephone listings in Louisiana.[8] Last, the Kaiser Defendants note that they do not solicit business in Louisiana or purposefully direct any marketing activities toward Louisiana employers.[9] Thus, as stated above, the Kaiser Defendants have virtually no contacts with the State of Louisiana.

In opposition, the Hospital claims that from March 19, 2002 to April 14, 2005, 53 separate patient accounts for which the Kaiser Defendants were payors were re-priced subject to the terms of the agreement with Multiplan. The Kaiser Defendants tendered payment to the Hospital for the services rendered to several of those patients. Additionally the Hospital notes that several of those insureds indicated upon admission to the Hospital that they were New Orleans or local area residents. Because the Kaiser Defendants paid for a number of these claims, the Hospital claims that they were aware that some of their insureds resided in New Orleans and presented to the Hospital for treatment. Thus, the Hospital argues that the Kaiser Defendants had sufficient minimum contacts with this state such that they could have reasonably expected to be haled into a Louisiana court.

### III. LAW & ANALYSIS

Where a nonresident defendant challenges personal jurisdiction, the party seeking to invoke the Court's power bears the burden of proving that jurisdiction exists. *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.2006). A court may consider oral evidence along with written, but an evidentiary hearing is not required. *Moran v. Kingdom of Saudi Arabia, et al.*, 27 F.3d 169, 173 (5th Cir.1994). When the court rules on a motion to dismiss without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that

---

[8] *Id.*

[9] *Id.*

personal jurisdiction is proper. See *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir.1993). When plaintiff establishes such a prima facie case, the burden of proof shifts to the defendant to show that the exercise of jurisdiction would be unreasonable in that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Luv n' Care*, 438 F.3d at 474; *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 826 (5th Cir.1996). Uncontroverted allegations in the plaintiff's complaint must be taken as true, and where a factual dispute exists, the dispute must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir.1990). Thus, the Hospital has the burden of establishing a prima facie case of personal jurisdiction over the Kaiser Defendants.

To resolve the question of this Court's personal jurisdiction over the Kaiser Defendants, the Court, in this particular instance, actually needs to do little more than refer the parties to Judge Rosenthal's thorough and instructive opinion in *St. Luke's Episcopal Hospital v. Louisiana Health Service and Indemnity Company*, Civil Action No. 08-1870, 2009 WL 47125 (S.D. Tex). For much the same reasons as given relative to the defendant there, the Court finds that personal jurisdiction has not been established with respect to the Kaiser Defendants.

It is undisputed that the Kaiser Defendants do not own property or have an office, a mailing address, or employees in Louisiana. Nor do they solicit business in Louisiana, direct any marketing activities to Louisiana employers or residents, or make offers of coverage to Louisiana, or enroll individuals who live or work in Louisiana. Finally, they are not registered to do business here. Given these facts, their payment of fifty-three (53) claims to the Hospital over a *three-year* time period is alone not sufficient to establish the "continuous and systematic" contacts required for general jurisdiction.

5

Additionally, for essentially the reasons stated by Judge Rosenthal in *St. Luke's Episcopal Hospital*, specific personal jurisdiction is not present. The Kaiser Defendants' payment of claims incurred by their insureds who travel or move out of the designated coverage area during the policy's term does not rise to the level of "purposeful availment of the privilege of doing business in Louisiana," as is required by controlling jurisprudence. Nor does the addition of the Kaiser Defendant's decision to enter into an contract with Meritplan, a *New York* preferred provider organization, who also contracted with the Hospital, a Louisiana entity, relative to the limited out-of-state coverage available to their insureds. This is true notwithstanding that the contractual relationship provided the Kaiser Defendants the benefit of paying discounted rates for services rendered by preferred providers such as Plaintiffs. Finally, evidence that the Kaiser Defendants knew or should have become aware that certain of their insureds established residences in Louisiana during the policy period likewise is not dispositive. The unilateral activity of an insured is not sufficient to subject an insurer to the personal jurisdiction of a court. And, as explained by Judge Rosenthal, mere foreseeability likewise is not the requisite legal standard for personal jurisdiction.

Considering the foregoing, the Court finds that Plaintiffs have not borne their burden relative to establishing personal jurisdiction over the Kaiser Defendants. Accordingly, **IT IS ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. 5) is **GRANTED**.

New Orleans, Louisiana, this 30th day of September 2009.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**